# United States District Court
# District of Massachusetts

|  |  |  |
|---|---|---|
| DEAN JAY LARGESSE, SR., on behalf of himself and others similarly situated,<br>　　　　Plaintiff<br><br>vs.<br><br>H&M INTERNATIONAL TRANSPORTATION, INC., CHARLES CONNORS and GEORGE WILLMOTT,<br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CIVIL ACTION**<br>**No. 14-40121-TSH** |

## ORDER AND MEMORANDUM OF DECISION
### January 6, 2015

**HILLMAN, D.J.**

### Background

Plaintiff, Dean Jay Largesse, Sr. ("Largesse"), filed suit in Massachusetts State Superior Court against H&M International Transportation, Inc. ("H&M"), Charles Connors ("Connors") and George Willmott ("Willmott") alleging claims pursuant to Mass.Gen.L. ch. 149, §§148 and 150 (failure to pay wages). Specifically, Largesse alleges that the Defendants failed to pay him his earned vacation pay pursuant to the collective bargaining agreement ("CBA") between H&M and Teamsters Local Union 170. Connors and Willmott are being sued in their individual capacities.

Defendants removed the action to this Court on the grounds that Largesse's claims are preempted by federal law, specifically, Section 301 of the Labor Management Relations Act

("LMRA"), 29 U.S.C. § 185. Defendants then filed a motion to dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) on the grounds that Largesse's claims are preempted by the LMRA because such claims can only be resolved by reference to the CBA and because they failed to exhaust administrative remedies through the CBA's grievance and arbitration procedures.[1] For the reasons set forth in Defendants' memorandum in support of their motion, Defendants' Motion to Dismiss is *allowed*.

After Defendants filed their motion to dismiss, Largess filed Plaintiff's Motion For Leave To Amend Complaint (Docket No. 16). For the reasons set forth below, that motion is *allowed*.

## Discussion

### *Standard Of Review*

Under this Court's rules of procedure, more specifically, Fed.R.Civ.P. 15(a), consent to file an amended pleading is to be "freely given when justice so requires." *Id.* "This liberal amendment policy applies unless the plaintiff exhibited bad faith, undue delay, the amendment would work undue prejudice on the opposing party, or be futile." *Weinberg v. Grand Circle Travel, LCC,* 891 F. Supp. 2d 228, 236 (D.Mass. 2012). Largess has not unduly delayed his motion to amend (it was filed approximately 2 1/2 months after Defendants filed their motion to dismiss)[2], and there are no allegations of bad faith or undue prejudice. Thus, the only issue to be

---

[1] Although Largesse filed an opposition to the motion to dismiss, his counsel did not argue against dismissal of the Complaint at the hearing. Presumably, Largesse recognized that such claims cannot be resolved without resorting to interpretation of the CBA and, therefore, are clearly preempted by the LMRA. *See Haggins v. Verizon New England, Inc.*, 648 F.3d 50,54- 55 (1st Cir. 2011)(§ 301 preempts a state-law claim when asserted state-law claim plausibly can be said to depend upon meaning of one or more provisions within collective bargaining agreement).

[2] Defendants argue that Largesse unduly delayed filing his motion to amend his Complaint to add a new theory of liability by waiting until after they had filed their motion to dismiss the Complaint. I disagree. The Federal Rules of Civil Procedure were amended in 2009 to provide that a plaintiff may amend his complaint once, as of right, within twenty-one days of the filing of a motion to dismiss. *See Fed.R.Civ.P.* 15(a)(1)(B). The reason for the amendment was to force plaintiffs to consider the issues raised in the motion to dismiss and, if warranted, promptly amend their pleadings to address the arguments raised therein. *See Id.*, at ADVISORY COMMITTEE NOTES, 2009 Amendments. Had Largess filed his motion to amend his Complaint earlier, leave of Court would not have been required. That he did not file his motion to amend until approximately 2 ½ months after the filing of the motion to

addressed by the Court is whether allowance of the motion to amend the complaint would be futile.

### Whether The Motion To Amend Should Be Allowed

Largess seeks to file an Amended Complaint on behalf of himself and others similarly situated and Teamsters Local Union 170 (who is being added as a Plaintiff in this case) asserting claims for violation of the LMRA and breach of the CBA.  Defendants argue that allowing the amendment would be futile because Plaintiffs failed to exhaust their administrative remedies under the CBA, which is a prerequisite to this Court exercising jurisdiction over their claims.  However, in the proposed Amended Complaint, Plaintiffs allege that H&M repudiated the grievance process, which is an exception to the exhaustion requirement.  *See Hayes v. New England Millwork Distributors, Inc.*, 602 F.2d 15 (1st Cir. 1979).  This allegation suffices to allow this Court to exercise jurisdiction pursuant to the LMRA. At the same time, H&M has made a compelling case that Plaintiffs cannot establish that it repudiated the grievance process and therefore, their claims must ultimately be dismissed.  In support of their respective positions on this issue, the parties have cited to and relied on facts which are not properly before the Court in deciding the instant motion.  Therefore, I find that the issue is one which is more properly addressed by way of summary judgment after limited discovery.  Accordingly, Largess's motion to amend is *allowed*.

### The Parties Shall File Motion(s) For Summary Judgment On The Exhaustion Issue

On or before January 20, 2015, the Plaintiffs and H&M shall jointly submit a Scheduling Order to the Court setting forth the limited discovery they would seek to conduct relevant to the

---

dismiss has required the Defendants and the Court to expend resources they would not have otherwise had to expend and has briefly delayed pretrial proceedings.  While the better practice would have been to recognize the Complaint's deficiencies within the twenty-one day window, the time and effort expended to deal with the motion to amend were  minimal.  Under the circumstances, I do not find that the motion to amend the Complaint should be denied for undue delay.

issue of whether Plaintiffs' claims should be dismissed for failure to exhaust and their proposed timetable for: conducting such discovery, filing of motion(s) for summary judgment and/or oppositions to such motion(s). Thereafter, the Court will hold a Scheduling Conference to address their joint proposal.

## **Conclusion**

It is hereby ordered that:

(1) Defendants' Motion To Dismiss (Docket No. 4) is ***allowed***; and

(2) Plaintiff's Motion For Leave To Amend Complaint (Docket No. 16) is ***allowed***, as provided herein. Plaintiffs shall file the Amended Complaint forthwith.

*/s/ Timothy S. Hillman*
TIMOTHY S. HILLMAN
DISTRICT JUDGE